| | | |
|---|---|---|
| RETURN DATE: AUGUST 13, 2013 | : | SUPERIOR COURT |
| DEBRA SARACINO | : | J.D. OF NEW HAVEN |
| VS. | : | AT NEW HAVEN |
| WILLIAM JONES, ET AL | : | JULY 9, 2013 |

## COMPLAINT

### FIRST COUNT: (WILLIAM JONES)

1. On April 22, 2012, at approximately 8:00 p.m., the plaintiff, Debra Saracino, was operating her motor vehicle in a northerly direction on I-95, approximately 2 meters south of the #50 off ramp, in the right-hand travel lane, in the Town of New Haven, State of Connecticut.

2. At all times mentioned herein, said I-95 was a public highway in the Town of New Haven and State of Connecticut.

3. On said date and at said time and place, the defendant, William Jones, was operating a tractor trailer owned by the defendant, Contract Transportation Systems Co., in a northerly direction on I-95, near #50 off ramp in the center lane of travel on the highway directly to the left of plaintiff's vehicle.

4. At all times mentioned herein, the defendant, William Jones, was operating the tractor trailer owed by the defendant, Contract Transportation Systems Co., as the employee, agent and/or servant of Contract Transportation Systems Co., and said tractor

PARRETT PORTO PARESE & COLWELL, P.C.
239 WHITNEY AVE, STE FD, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340

trailer was then and there being operated by William Jones within the scope of his general employment authority and agency to operate said vehicle.

5. On said date and at said time and place, the defendant, William Jones, suddenly and without warning crossed the lane divider and drove the tractor trailer he was operating into the side of the plaintiff, Debra Saracino's vehicle with great force.

6. As a result of said collision and in consequence thereof the vehicle the plaintiff, Debra Saracino, was driving rolled over on the highway and the plaintiff was thrown violently about the interior of the motor vehicle which she was operating and she sustained injuries of a serious, permanent and painful nature, in that:

    a. She was caused to suffer multiple contusions, abrasions and lacerations about the head, body and limbs;

    b. She underwent a whipping and wrenching of her neck, shoulders, and back causing a stretching, tearing and straining of the muscles and ligaments of the neck, shoulders, and back resulting in a musculoligamentous sprain and strain of the cervical spine with attending muscle spasms, radiating pain, limitation of motion, and associated symptoms;

    c. She underwent a whipping and wrenching of her low back causing a stretching, tearing and straining of the muscles and ligaments of the back resulting in a musculoligamentous sprain and strain of the lumbar spine with attending muscle spasms, radiating pain, limitation of motion, and associated symptoms;

2

e.	As a result of the collision, she struck her head esulting in contusion and further resulting in a post-concussion syndrome with resulting headaches, occipital neuralgia, blurred vision and associated symptoms;

f.	As a further result of said collision, the plaintiff, Debra Saracino, sustained injuries to her right hip;

g.	As a further result of said collision, the plaintiff, Debra Saracino, sustained bruising to her ribs;

g.	The plaintiff underwent a severe shock to her entire nervous system resulting in mental anxiety, depression, headaches, inability to eat and sleep and associated symptoms

h	She has endured and will continue to endure great pain of body and mind and humiliation and is limited and will be limited in her physical activities.

7.	As a further result of said injuries and in consequence thereof, the plaintiff, Debra Saracino, incurred considerable expense for medical care, prescriptions, x-rays, medical services, physical therapy, medical apparatus and for matters incidental thereto and she will be required to incur further expenses for such purposes in the future.

8.	As a further result of said collision and in consequence thereof, the plaintiff, Debra Saracino, was unable to carry on and perform her usual duties and daily activities, and as a further result of said injuries, she will be prevented from doing so from time to time in

the future, thereby depriving the plaintiff, Debra Saracino, of the opportunity to enjoy her life as she could have before the accident on April 22, 2012.

9. At the time of said injuries the plaintiff, Debra Saracino, was gainfully employed and, as a result of said injuries, she was not able to attend to her employment duties and her earning capacity was impaired together with a resulting loss of income and she will lose further income in the future and her earning capacity was, is, and will be permanently impaired.

10. As a result of said collision and in consequence thereof, the plaintiff's automobile was damaged so as to require the expense of a considerable sum to repair it, and its value has depreciated in excess of the cost of said repairs and the plaintiff lost the use of said automobile during the period required for said repairs.

11. Said injuries and damages were caused by the negligence of the defendant, William Jones, in any one of the following ways and/or any combination thereof in that:

   a. He was operating his motor vehicle at a rate of speed and in such a manner that was unreasonable, excessive, improper and negligent, having due regard to the width of said highway, traffic conditions, weather conditions, intersection of streets, traffic signals and the use of said highway at said time in violation of Section 14-218a of the Connecticut General Statutes, so made and provided;

   b. He was inattentive in that he did not keep a reasonable and prudent lookout for other vehicles on the highway;

4

c. He did not have the motor vehicle he was operating under such reasonable and proper control so as to enable him to stop in time to avoid striking the plaintiff's vehicle;

d. He failed to properly apply the brakes of his motor vehicle in time to avoid said collision and/or said brakes were defective contrary to §14-80h of the Connecticut General Statutes, so made and provided;

e. He failed to give the plaintiff any warning or signal of his approach or the intended course of his vehicle;

f. He attempted to overtake or pass upon the right side of the plaintiff's vehicle when such movement could not be made with reasonable safety in violation of §14-233 of the Connecticut General Statutes;

g. He failed to drive as nearly as practicable within a single lane and failed to move from his lane of travel when such movement could not be made with reasonable safety in violation of §14-236 of the Connecticut General Statutes;

h. He failed to operate his motor vehicle at a reasonable distance apart from the plaintiff's vehicle and approach the vehicle more closely than was reasonable and prudent contrary to §14-240 of the Connecticut General Statutes;

i. He failed to properly signal his intent to change lanes in violation of §14-244 of the Connecticut General Statutes;

5

j.  He failed to grant the right of way to the plaintiff's vehicle, which was established in the right hand lane of travel.

k.  He failed to turn the motor vehicle which he was operating to the left or to the right so as to pass or avoid striking the plaintiff's stopped vehicle; and

l.  He failed to operate his vehicle in such a fashion as a reasonable prudent person would have under the circumstances then and there existing.

THE PLAINTIFF

By: _____
LOUIS M. FEDERICI
Parrett, Porto, Parese & Colwell, P.C.

PARRETT PORTO PARESE & COLWELL, P.C.
2319 WHITNEY AVE. STE. 1-D, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS No. 045340

| | | |
|---|---|---|
| RETURN DATE: AUGUST 13, 2013 | : | SUPERIOR COURT |
| DEBRA SARACINO | : | J.D. OF NEW HAVEN |
| VS. | : | AT NEW HAVEN |
| WILLIAM JONES, ET AL | : | JULY 9, 2013 |

### DEMAND FOR RELIEF

1. Money damages;

2. Such other relief as law and equity may provide;

That the amount, legal interest or property in demand is Fifteen Thousand ($15,000.00) Dollars or more, exclusive of interest and costs.

THE PLAINTIFF

By: _____
LOUIS M. FEDERICI
Parrett, Porto, Parese & Colwell, P.C.

PARRETT PORTO PARESE & COLWELL, P.C.
2319 WHITNEY AVE. STE 1-D, HAMDEN, CT 06518 · (203) 281-2700 · FAX (203) 281-0700 · JURIS NO. 045340